**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

WAYNE B. JOHNSON,                                                            PLAINTIFF,


VS.                                                            CIVIL ACTION NO. 4:03CV336-P-B


CITY OF GREENVILLE,                                                            DEFENDANT.


**MEMORANDUM OPINION**

This matter comes before the court upon Defendant City of Greenville's Motion to

Dismiss the Claims of Plaintiff for Failure to Prosecute His Own Action [15-1]. Upon due

consideration of the motion and the response filed thereto the court is prepared to rule.

**I. FACTUAL BACKGROUND**

The plaintiff filed this *pro se* employment discrimination case on August 19, 2003. On

July 30, 2004 the court entered a Rule 16.1(A) Initial Order Setting a Telephonic Case

Management Conference for October 6, 2004. The order instructed, among other things, that

counsel shall confer either in person or telephonically no later than 21 days before the case

management conference – in this instance, no later than September 16, 2004.

In its motion to dismiss, the defendant avers that its counsel attempted to contact the

plaintiff on several occasions but was unsuccessful. Rather than contact from the plaintiff, the

defendant received a letter on September 3, 2004 from a law firm demanding settlement of the

case for $5000.00. If the law firm did not hear from the defendant within ten days, read the letter,

then someone from the firm would enter an appearance to represent the plaintiff. Despite the

defendant's refusal to settle the case, the law firm never entered an appearance on behalf of the plaintiff.

On October 6, 2004, the day scheduled for the telephonic case management conference, the plaintiff did not arrange the conference call nor did he otherwise call the court in compliance with the July 30, 2004 Rule 16.1(A) Order. Consequently, the defendant moves for a dismissal with prejudice under Federal Rules of Civil Procedure 16(f) for failure to comply with the court's order and under 41(b) for failure to prosecute.

The only response filed by the plaintiff to the instant motion to dismiss is a letter dated October 20, 2004 – some two weeks after the scheduled case management conference. In the half-page letter, the plaintiff avers that he never received any confirmations or telephone calls for the case management conference from defense counsel. Furthermore, the letter indicates that the plaintiff understood that the law firm which sent the defendant the settlement letter was "taking the necessary procedures with this case."

## II. DISCUSSION

Federal Rule of Civil Procedure 16(f) provides in pertinent part:

> If a party or a party's attorney fails to obey a scheduling or pretrial
> order, or if no appearance is made on behalf of a party at a scheduling
> or pretrial conference ... the judge, upon motion or the judge's own
> initiative, may make such orders with regard thereto that are just ....

Furthermore, Federal Rule of Civil Procedure 41(b) provides that:

> For failure of the plaintiff to prosecute or to comply with these
> rules or any order of court, a defendant may move for dismissal
> of an action or of any claim against the defendant. Unless the court
> in its order for dismissal otherwise specifies, a dismissal under this
> subdivision ... operates as an adjudication on the merits.

Nowhere in the plaintiff's "response" to the instant motion to dismiss does he dispute that he received and was aware of the court's July 30, 2004 Rule 16.1(A) Order scheduling a telephonic case management conference. In other words, the plaintiff does not dispute that he was aware that there was to be a telephonic conference among himself, defense counsel, and the court on October 6, 2004. Taking as true that the plaintiff believed the law firm was "taking the necessary procedures with this case," the plaintiff does not dispute that no attorney entered an appearance on his behalf or that no one from that law firm ever contacted him about appearing at the case management conference.

### III. CONCLUSION

The court concludes that this case should be dismissed for failure to comply with its July 30, 2004 Rule 16.1(A) Order pursuant to Federal Rule of Civil Procedure 16(f) and for failure to prosecute his case under Rule 41(b). It was the plaintiff's responsibility while acting *pro se* to comply with the court's orders. Even had he believed a law firm was to assist him, it was his responsibility to ensure that an appearance was entered on his behalf. In any event, given that the plaintiff undisputably knew of the telephonic case management conference set on October 6, 2004, he should have made sure that he, or whomever he thought was representing him, contacted defense counsel at least 21 days prior to the conference. The plaintiff has not alleged that he tried to contact defense counsel in compliance with that portion of the order. Finally, even had he believed a law firm was to represent him, not only should he have ensured that they entered an appearance, he also would have been aware that there was a case management conference set on October 6, 2004 and that someone needed to participate on his behalf.

Defendant City of Greenville's Motion to Dismiss the Claims of Plaintiff for Failure to

Prosecute His Own Action [15-1] should be granted and the plaintiff's claims should be

dismissed with prejudice. Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 20, 2005.

/s/ W. Allen Pepper, Jr.

W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
